[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 6, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15387
Non-Argument Calendar
_____

Agency Nos. A95-226-650
A95-226-651

MAURICIO RENGIFO GUTIERREZ,
ANA MARIELLA BOLANOS MORENO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(August 6, 2007)**

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Mauricio Rengifo Guiterrez, on behalf of himself and his wife, Ana Mariella

Bolaños Moreno, both citizens of Colombia, petitions for review of the order of the Board of Immigration Appeals that affirmed the decision of an Immigration Judge to deny his application for asylum and withholding of removal. Because substantial evidence supports the decision of the Board of Immigration Appeals, we deny the petition.

## I. BACKGROUND

Rengifo and his wife entered the United States on September 17, 2001, as non-immigrant visitors. In 2002, Rengifo filed applications for asylum and withholding of removal and for relief under the United Nations Convention Against Torture. Rengifo alleged that he was persecuted by the National Liberation Army (ELN) for his membership in the Colombian Liberal Party, participation in the Health Committee for the Community Action Council of Las Americas neighborhood, role in rallies demanding that the ELN release his coworkers, and refusal to collaborate with the ELN as a healthcare professional.

In support of his application, Rengifo submitted a letter from the guerillas demanding that he join their cause or be apprehended. The letter was purportedly slid under the door of Rengifo's residence in Colombia in January 2001. At his asylum hearing, Rengifo submitted a second letter that he described as the original. The second letter had identical wording, but at least one typographical difference from the first letter. When asked about the two letters, Rengifo changed his story

2

and testified that he received both letters in one envelope that was slid under his door. In his application for rehearing, Rengifo alleged that he received the letter through the mail from his family in Colombia after he had fled Colombia. At no time did Rengifo explain why there were two almost identical copies of the same letter.

Based on Rengifo's inability to explain the differing versions of the same letter, the IJ discredited Rengifo's testimony and denied his application. The IJ found that the letters were likely fabricated. The BIA affirmed the decision of the IJ and found alternatively that Rengifo failed to establish persecution on account of his political opinion. Rengifo appeals only the denial of his application for asylum and withholding of removal. He does not challenge the denial of his request for relief under the CAT.

## II. STANDARD OF REVIEW

We review only the decision of the BIA, except to the extent that it expressly adopts the opinion of the IJ. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review factual determinations of the BIA under the substantial evidence test. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005). "Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "The trier of fact must determine credibility, and this [C]ourt

3

may not substitute its judgment for that of the BIA with respect to credibility findings." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004).

## III. DISCUSSION

Rengifo contends that the BIA erroneously denied his application for asylum and withholding of removal. We disagree. Substantial evidence supports the adverse credibility determination by the BIA.

The record does not compel a finding that Rengifo's testimony was credible. Rengifo provided differing accounts to explain the existence of two nearly identical letters Rengifo supposedly received from guerillas, and after the decision of the IJ, Rengifo offered a third explanation regarding why the text of the letters was different. Given these inconsistent accounts, substantial evidence supports the adverse credibility determination, including the finding that Rengifo fabricated evidence.

This adverse credibility determination alone supports the denial of Rengifo's petition for asylum and withholding of removal. Although an IJ must consider "all evidence introduced by [an] applicant," "[a]n adverse credibility determination alone may be sufficient to support the denial of an asylum application." Forgue v. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005). Because the adverse credibility determination supports the denial of Rengifo's petition, it is not necessary for us to reach the alternative finding of the BIA that Rengifo failed to establish past

4

persecution or a well-founded fear of future persecution based on his political opinion.

## IV.  CONCLUSION

Rengifo's petition for review is

**DENIED.**